# EXHIBIT A

CRAIG A. ALTMAN, ESQUIRE

ALLAN J. AIGELDINGER, III, ESQUIRE
AJAIGELDINGER@HOTMAIL.COM

CORY A. TROBMAN, ESQUIRE
CTROBMAN@ALTMAN-LAWFIRM.COM

SAMUEL H. BURKHARDT, ESQUIRE
SBURKHARDT@ALTMAN-LAWFIRM.COM

PLEASE REPLY TO PHILADELPHIA OFFICE

LAW OFFICES
*Craig A. Altman, P.C.*
A PROFESSIONAL CORPORATION
19 SOUTH 21ST STREET
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-4488
FAX (215) 644-8049

CUMBERLAND CO. OFFICE
SUITE 103
1173 EAST LANDIS AVENUE FRONT
VINELAND, NEW JERSEY 08360
(856) 327-8899

MEMBERS OF THE FIRM ARE
LICENSED TO PRACTICE IN
PA, NJ

December 22, 2025

**Certified & First Class Mail**
American Tiger Logistics, LLC
6371 Scotchwood Drive
Katy, TX 77449

RE: Saulo Lebron v. Wali Zar Khan Hazard Mohammad, et al.

Dear Sir/Madam:

Enclosed please find a time-stamped copy of the Complaint filed against you in the above-captioned matter, please send the Complaint to whom is handling this matter, either your attorney or your insurance company. Please note you have 20 days in which to file a responsive pleading or a Default Judgment can and will be filed against you.

Very truly yours,

ALLAN J. AIGELDINGER, III, ESQUIRE

AJA/tlf
Enclosures

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
DECEMBER 2025 02497
E-Filing Number: 2512045547

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| SAULO LEBRON | WALI ZAR KHAN. HAZRAD MOHAMMAD |
| PLAINTIFF'S ADDRESS<br>1240 WALNUT STREET<br>ALLENTOWN PA 18102 | DEFENDANT'S ADDRESS<br>639 HOWARD AVENUE, APT. 3<br>NEW HAVEN CT 06519 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>WALI ZAR KHAN. HAZRAT MOHAMMAD |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>112 HALLOCK AVENUE<br>NEW HAVEN CT 06516 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>AMAZON LOGISTICS, INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>410 TERRY AVENUE NORTH<br>SEATTLE WA 98109 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 6 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY
- ☐ $50,000.00 or less
- ☒ More than $50,000.00

COURT PROGRAMS
- ☐ Arbitration
- ☐ Jury
- ☒ Non-Jury
- ☐ Other:
- ☐ Mass Tort
- ☐ Savings Action
- ☐ Petition
- ☐ Commerce
- ☐ Minor Court Appeal
- ☐ Statutory Appeals
- ☐ Settlement
- ☐ Minors
- ☐ W/D/Survival

CASE TYPE AND CODE
2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
DEC 18 2025
L. BREWINGTON

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: SAULO LEBRON

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | | ADDRESS |
|---|---|---|
| ALLAN J. AIGELDINGER III | | 19 S 21ST ST<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER<br>(215)569-4488 | FAX NUMBER<br>(215)644-8049 | |
| SUPREME COURT IDENTIFICATION NO.<br>72739 | | E-MAIL ADDRESS<br>ajaigeldinger@hotmail.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*ALLAN AIGELDINGER III* | | DATE SUBMITTED<br>Thursday, December 18, 2025, 12:56 pm |

COMPLETE LIST OF DEFENDANTS:

1. WALI ZAR KHAN. HAZRAD MOHAMMAD
   639 HOWARD AVENUE, APT. 3
   NEW HAVEN CT 06519
2. WALI ZAR KHAN. HAZRAT MOHAMMAD
   112 HALLOCK AVENUE
   NEW HAVEN CT 06516
3. AMAZON LOGISTICS, INC.
   410 TERRY AVENUE NORTH
   SEATTLE WA 98109
4. AMERICAN TIGERS LOGISTICS, LLC
   6371 SCOTCHWOOD DRIVE
   KATY TX 77449
5. JOHN DOE 1-3
   UNKNOWN
   PHOLADELPHIA PA 19103
6. JOHN DOE CORPORATION 1-3
   UNKNOWN
   PHILADELPHIA PA 19103

*MAJOR NON-JURY ASSESSMENT OF DAMAGES IS REQUIRED*

Filed and Attested by the Office of Judicial Records 18 DEC 2025 12:51 pm L. BREWINGTON

LAW OFFICES OF CRAIG A. ALTMAN, ESQUIRE
BY: ALLAN J. AIGELDINGER, III, ESQUIRE
I.D. #: 72739
19 S. 21st STREET
PHILADELPHIA, PA 19103
(215)569-4488

ATTORNEY FOR PLAINTIFF(S)

| | |
|---|---|
| SAULO LEBRON<br>1240 WALNUT STREET<br>ALLENTOWN, PA 18102<br><br>VS.<br><br>WALI ZAR KHAN HAZRAD MOHAMMAD<br>639 HOWARD AVENUE, APARTMENT 3<br>NEW HAVEN, CT 06519<br>AND<br>WALI ZAR KHAN HAZRAT MOHAMMAD<br>112 HALLOCK AVENUE<br>NEW HAVEN, CT 06516<br>AND<br>AMAZON LOGISTICS, INC.<br>410 TERRY AVENUE NORTH<br>SEATTLE, WA 98109<br>AND<br>AMERICAN TIGERS LOGISTICS, L.L.C.<br>6371 SCOTCHWOOD DRIVE<br>KATY, TX 77449<br>AND<br>JOHN DOE 1-3<br>UNKNOWN ADDRESS<br>AND<br>JOHN DOE CORPORATION 1-3<br>UNKNOWN ADDRESS | PHILADELPHIA COUNTY COURT OF COMMON PLEAS<br><br>TERM, 2025<br><br>NUMBER: |

## COMPLAINT IN CIVIL ACTION

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY: (215) 451-6197

ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
TTY: (215) 451-6197

1. Plaintiff is an adult individual who, at all times relevant hereto is a citizen of the Commonwealth of Pennsylvania, residing at the above captioned address.

2. Defendant WALI ZAR KHAN HAZRAD MOHAMMAD (Hereinafter referred to as D1) is an adult individual who, at all times relevant hereto is a citizen of the Commonwealth of Pennsylvania residing at the above captioned address.

3. Defendant WALI ZAR KHAN HAZRAT MOHAMMAD (Hereinafter referred to as D2) is an adult individual who, at all times relevant hereto is a citizen of the Commonwealth of Pennsylvania residing at the above captioned address.

4. Defendant AMAZON LOGISTICS, INC. (hereinafter referred to a D3) is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principle place of business at the above captioned address.

5. Defendant AMERICAN TIGERS LOGISTICS, L.L.C. (hereinafter referred to a D4) is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principle place of business at the above captioned address.

6. Defendant JOHN DOE 1-3 (hereinafter referred to a D5) is an adult individual, residing at the above-captioned address. The defendant’s actual name is unknown to plaintiff after having conducted a reasonable search with due diligence. The designation of the defendant is fictitious. A factual description of the defendant is set forth below. A reasonable

search to determine the actual name of the defendant has been conducted.

7. Defendant JOHN DOE CORPORATION 1-3 (hereinafter referred to a D6) is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principle place of business at the above captioned address. The defendant's actual name is unknown to plaintiff after having conducted a reasonable search with due diligence. The designation of the defendant is fictitious. A factual description of the defendant is set forth below. A reasonable search to determine the actual name of the defendant has been conducted.

8. At all times relevant hereto, the defendant D1 and/or defendant D2 and/or defendant D3 and/or defendant D4 and/or defendant D5 and/or defendant D6, acted and/or failed to act by and through their agents, servants, workmen and/or employees defendant D1 and/or defendant D2 and/or defendant D5 acting and/or failing to act in the course and scope of their employment.

9. At all times relevant hereto, the defendant D1 and/or defendant D2 and/or defendant D5, operated and controlled a 2018 Freightliner motor vehicle owned by defendant D1 and/or defendant D2 and/or defendant D3 and/or defendant D4 and/or defendant D5 and/or defendant D6 (hereinafter referred to as "Defendant Vehicle").

10. At all times relevant hereto, the plaintiff operated and controlled a 2015 Volvo motor vehicle (hereinafter referred to as "Plaintiff Vehicle").

11. On or about July 13, 2024, at or about 10:15 a.m., the "Plaintiff Vehicle" was traveling eastbound on Route I-81 near North Main Street in the County of Montgomery, in the Commonwealth of Virginia.

12. On the aforementioned date at the aforementioned time and place "Defendant Vehicle" was traveling eastbound on Route I-81 near North Main Street in the County of Montgomery, in the Commonwealth of Virginia when suddenly and without warning the "Defendant Vehicle" entered the "plaintiff Vehicle's" lane of travel and violently and forcefully collided with the "Plaintiff Vehicle" (hereinafter referred to as Acollision@).

13. As a result of the aforementioned collision the plaintiff was violently and forcefully thrown against the exterior portions of the "Plaintiff Vehicle" causing him to sustain the injuries set forth below.

14. The aforementioned collision was caused by the joint and several carelessness and negligence of the defendant D1 and/or defendant D2 and/or defendant D3 and/or defendant D4 and/or defendant D5 and/or defendant D6 as set forth below and was in no manner due to any act or omission on the part of the plaintiff.

15. As a result of the joint and several carelessness and

negligence of the defendants, plaintiff suffered severe and disabling injuries resulting in a serious impairment of bodily function and permanent injuries including but not limited to neck injuries, back injurie, head injuries, and excruciating physical pain and emotional anguish and a severe shock to his entire nervous system and other secondary problems and complications, the full extent of which are not yet known, some or all of which are permanent in nature.

16. As a further result of the joint and several carelessness and negligence of the defendants, plaintiff has been forced to expend and will be forced to expend in the future large and various amounts of money for hospitalization, medical care, surgical care, injections, and/or rehabilitative care to attend to, treat alleviate, minimize and/or cure himself of the aforementioned injuries.

17. As a further result of the joint and several carelessness and negligence of the defendants, Plaintiff has or may suffer a severe loss of earnings and impairment of his earning capacity and power.

18. As a further result of the joint and several carelessness and negligence of the defendants, Plaintiff has been unable to follow his usual occupation and will be unable to follow same for an indefinite period of time into the future thereby losing the income which would have come to him through employment.

19. As a further result of the joint and several carelessness and negligence of the defendants, plaintiff has been prevented from performing his usual and daily activities and duties and will be prevented from attending to these activities and duties for an indefinite time into the future all to his great embarrassment, humiliation, detriment and loss and loss of life's pleasures and enjoyment.

## COUNT I
## PLAINTIFF, SAULO LEBRON v. DEFENDANT, D1 AND DEFENDANT D2 AND DEFENDANT D5
## NEGLIGENCE

20. Plaintiff incorporates paragraphs 1 through 15 as though same were set forth herein at length.

21. The carelessness and negligence of the Defendant consisted of the following:

a) failing to have and keep the "Defendant Vehicle" under proper and adequate control;

b) failing to maintain and keep a proper and adequate lookout;

c) operating the "Defendant Vehicle" at a high and excessive rate of speed under the circumstances;

d) failing to make proper use of the instrumentalities in the Defendant's possession and control so as to avoid the "Collision";

e) causing the "Defendant Vehicle" to collide with the "Plaintiff Vehicle";

f) failing to remain a safe distance from the "Plaintiff

Vehicle" as the "Defendant Vehicle" proceeded along the roadway;

g) failing to use a reasonable degree of skill and/or care in the operation of the "Defendant Vehicle";

h) operating the "Defendant Vehicle" in a reckless manner without due regard for the rights and safety of other persons lawfully upon the roadway including the Plaintiff;

i) failing to take such other precautions and employ such other safeguards as would be adequate and sufficient to avoid injury to the Plaintiff;

j) failing to give adequate and proper signals;

k) failing to obey the speed limit;

l) negligence per se, in that the Defendant violated the Laws of the Commonwealth of Virginia by driving in a careless manner and in violation of Virginia Statute 46.2-804;

m) violating the ordinances and laws of the Commonwealth of Pennsylvania pertaining to the operation of motor vehicles by driving in a careless manner and in violation of Virginia Statute 46.2-804.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this

jurisdiction's compulsory arbitration limits.

COUNT II
**PLAINTIFF, SAULO LEBRON v. ALL DEFENDANTS**
**VICARIOUS LIABILITY/NEGLIGENT ENTRUSTMENT**

22. Plaintiff incorporates paragraphs 1 through 21 as though same were set forth herein at length.

23. At all times material hereto, the defendant acted and/or failed to act by his agent, servant, workman and/or employee acting and/or failing to act in the course and scope of his/her employment.

24. Defendant is vicariously responsible for the acts and/or omissions of its agent, servant, workmen and/or employee under the doctrine of respondeat superior.

25. The carelessness and negligence of the Defendant consisted of the following:

a) Negligently entrusting the "Defendant Vehicle" to its agent, servant, workman and/or employee, who was known to said defendant as having a propensity for negligent operation of a motor vehicle;

b) Negligently entrusting the "Defendant Vehicle" to an agent, servant, workman and/or employee who was known to said Defendant as being inadequately experienced, unqualified, untrained, and/or inadequately trained in the operations of the "Defendant Vehicle" under the circumstances;

c) Failing to adequately inspect, repair, and/or

maintain the "Defendant Vehicle";

d) Failing to properly and adequately monitor and/or train its agent, servant, workman and/or employee.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdiction's compulsory arbitration limits.

BY: /S/
ALLAN J. AIGELDINGER, III, ESQUIRE
Attorney for Plaintiff

## VERIFICATION

I am the PLAINTIFF in this action and verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief and I understand that the statement made therein are subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities

DATE: ______________