UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

SAULO LEBRON,                              :
        Plaintiff,                    :
                        :
        v.                                :   No.  5:26-cv-0427
                        :
WALI ZAR KHAN HAZRAD                       :
MOHAMMAD, WALI ZAR KHAN                    :
HAZRAT MOHAMMAD,                           :
AMAZON LOGISTICS, INC.,                    :
AMERICAN TIGERS LOGISTICS, LLC,            :
JOHN DOES 1-3 AND JOHN DOE                 :
CORPORATIONS 1-3,                          :
        Defendants.                   :

---

**O P I N I O N**

**Defendant Amazon Logistics, Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3), or in the alternative, to Transfer Venue pursuant to 28 U.S.C. § 1406, ECF No. 13 – Denied**

**Defendants Wali Zar Khan Hazrat Mohammad and American Tigers Logistics, LLC's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) – Granted**

**Joseph F. Leeson, Jr.**                                       **June 5, 2026**
**United States District Judge**

## I.   INTRODUCTION

This case arises from a motor vehicle collision involving a freightliner in Montgomery County, Virginia. Plaintiff Saulo Lebron alleges that he was injured as a result of the crash and brings claims for negligence, vicarious liability, and negligent entrustment against Defendants Wali Zar Khan Hazrat Mohammad, American Tigers Logistics, LLC, Amazon Logistics, Inc., and several unnamed individual and corporate "John Doe" defendants. Defendant Amazon Logistics, Inc. has moved to dismiss the Complaint based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3), or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1406. Defendants Wali Zar Khan Hazrat Mohammad and American Tigers Logistics, LLC have moved to dismiss

the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the following reasons, the Motion to Dismiss or Transfer for improper venue will be denied, and the Motion to Dismiss for failure to state a claim will be granted.

## II.   BACKGROUND

### A. Factual Allegations

On or about July 13, 2024, Plaintiff Saulo Lebron, a resident of Pennsylvania, was driving eastbound on Route I-81 in Montgomery County, Virginia, when his vehicle was struck by a freightliner that merged into his lane.[1] Compl. ¶¶ 9-12, ECF No. 1-1. Lebron was thrown against the "exterior portions" of his vehicle and sustained injuries to his neck, back, and head. *Id.* at ¶¶ 13-15. Lebron alleges that he now suffers from "physical pain and emotional anguish" following the collision, which necessitate "hospitalization, medical care, surgical care, injections, and/or rehabilitative care." *Id.* at ¶ 16. Lebron further alleges that he "has been unable to follow his usual occupation," *id.* at ¶ 18, leading to a "loss of earnings and impairment of his earning capacity," *id.* at ¶ 17.

### B. Procedural History

On or about December 18, 2025, Lebron initiated suit in the Court of Common Pleas for Philadelphia County against the following Defendants: Wali Zar Khan Hazrad Mohammad, Wali Zar Khan Hazrat Mohammad, Amazon Logistics, Inc., American Tigers Logistics, LLC, individual "John Doe(s)" #1-3, and "John Doe Corporation(s)" #1-3.[2] *See* Compl.; *see also*

---

[1]   In the Complaint, Lebron refers to this freightliner generally as "Defendant Vehicle." Compl. ¶ 9.

[2]   The Complaint assigns designations "D1" through "D6" to each of the Defendants in this case. *See* Compl. ¶¶ 2-7. "D1" is used in reference to Defendant "Wali Zar Khan Hazrad Mohammad" and "D2" is used in reference to Defendant "Wali Zar Khan Hazrat Mohammad." *Id.* ¶¶ 2-3. Defendant Mohammad explains in the Motion to Dismiss pursuant to Rule 12(b)(6) that the correct spelling of his name is "Wali Zar Khan Hazrat Mohammad" and that Lebron

Notice of Removal ¶ 1, ECF No. 1. Lebron's Complaint alleges that the freightliner was operated or controlled by either Defendant Wali Zar Khan Hazrat Mohammad, or one of the unnamed individual "John Doe" defendants, and that the freightliner was owned by either Mohammad, Amazon Logistics, Inc. ("Amazon"), American Tigers Logistics, Inc. ("ATL"), or one of the unnamed individual or corporate "John Doe" defendants. Compl. ¶ 9. In the Complaint, Lebron brings a negligence claim against Mohammad and the individual John Does, and a vicarious liability/negligent entrustment claim against all Defendants. *See generally id.* Lebron alleges that the collision "was caused by the joint and several carelessness and negligence" of "the defendant," a term used generally to refer to any of the Defendants sued in this action, *see id.* at ¶ 14, and that said "defendant" also "acted and/or failed to act by and through their agents, servants, workmen and/or employees," *id.* at ¶ 8. Count I of the Complaint asserts that the alleged "carelessness and negligence" consisted of: failing to keep the freightliner under control, *id.* at ¶ 21(a); failing to "maintain and keep a proper and adequate lookout," *id.* at ¶ 21(b); "operating the 'Defendant Vehicle' at a high and excessive rate of speed," *id.* at ¶ 21(c); failing to make proper use of instrumentalities to avoid the collision, *id.* at ¶ 21(d); "causing the 'Defendant Vehicle' to collide with the 'Plaintiff Vehicle,'" *id.* at ¶ 21(e); failing to maintain a

---

merely attempted two spellings of his name. Thus, the Court finds that "D1" and "D2" are the same person; they represent an attempt to identify Wali Zar Khan Hazrat Mohammad by name, and so any reference to "D1" or "D2" in the Complaint shall be understood as a reference to the individual Defendant Wali Zar Khan Hazrat Mohammad (hereinafter "Mohammad") and any reference to him herein shall be by name.

Further, in the Complaint "D3" is used in reference to Defendant Amazon Logistics, Inc., *id.* at ¶ 4, "D4" is used in reference to Defendant American Tigers Logistics, LLC, *id.* at ¶ 5, "D5" is used in reference to "Defendant John Doe 1-3," described as one of potentially three "adult individual[s]" residing at "Unknown Address," *id.* at ¶ 6, and "D6" is used in reference to "Defendant John Doe Corporation 1-3," described as a "business entity licensed to transact business in the Commonwealth of Pennsylvania with a principal place of business" at "Unknown Address," *id.* at ¶ 7. Any factual allegation in the Complaint involving a defendant "D1" through "D6" that is reproduced herein shall instead use that Defendant's name.

safe distance between vehicles, *id.* at ¶ 21(f); failing to use a reasonable degree of skill or care, *id.* at ¶ 21(g); operating the "Defendant Vehicle" in a reckless manner, *id.* at ¶ 21(h); violating the laws of Pennsylvania and Virginia, *id.* at ¶ 21(l)-(m); and failing to take precautions, *id.* at ¶ 21(i); to give proper signals, *id.* at ¶ 21(j); and to obey the speed limit, *id.* at ¶ 21(k). Count II of the Complaint alleges that "the defendant . . . negligently entrust[ed] the 'Defendant Vehicle' to its agent . . . who was known to said defendant as having a propensity for negligent operation of a motor vehicle" or "being inadequately experienced, unqualified, [or] untrained" in its operation. *See id.* at ¶ 25.

On January 22, 2026, Defendants Mohammad and ATL removed the case to this Court on the basis of diversity jurisdiction, *see* Notice of Removal (citing 28 U.S.C. § 1332), alleging that the amount in controversy exceeds $75,000 and that all named Defendants are diverse from Lebron, a Pennsylvania resident. *See id.* at ¶ 7. In response to a Show Cause Order regarding Defendants' jurisdictional citizenship, *see* ECF No. 14, Defendants clarified that Amazon is incorporated in Delaware and has its principal place of business in Washington, *see* ECF Nos. 17-18; ECF No. 19, ¶ 11, that Mohammad is a resident of Connecticut, *see* ECF No. 19, ¶ 12, and that ATL is a limited liability company with one individual member, who is a resident of Texas, *id.* at ¶¶ 13-16.

On January 30, 2026, Mohammad and ATL filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), *see* Rule 12(b)(6) Motion, ECF No. 7. In the Rule 12(b)(6) Motion, they argue that Lebron engages in impermissible group pleading and fails to state a claim for any cause of action because he fails to specifically identify the driver, owner, or operator of the freightliner. *See id.* On February 13, 2026, Lebron responded to the Rule 12(b)(6) Motion. *See* ECF No. 10.

On March 23, 2026, Amazon filed a Motion to Dismiss the Complaint for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3), or in the alternative, to Transfer Venue pursuant to 28 U.S.C. § 1406. *See* "Venue Motion," ECF No. 13. In it, Amazon argues that this case should either be dismissed or transferred to the United States District Court for the Western District of Virginia, because none of the named Defendants reside in Pennsylvania, and the events giving rise to the claims occurred in Montgomery County, Virginia. *See id.* On April 7, 2026, Lebron responded to Amazon's Motion, arguing that the Court has general personal jurisdiction over Amazon because it registered as a "Foreign Business Corporation" with the Pennsylvania Department of State, and thus consented to personal jurisdiction in exchange for the right to do business in the Commonwealth. ECF Nos. 20, 20-3. On April 14, 2026, Amazon filed a Reply in Further Support of its Motion, *See* ECF No. 22. The Court is now prepared to render a decision on both Motions to Dismiss.

## III.    LEGAL STANDARDS

### A.    Motion to Dismiss under Rule 12(b)(3) – Review of Applicable Law

"Federal Rule of Civil Procedure 12(b)(3) provides that a motion to dismiss may be made on the basis of improper venue." *Zero Techs., LLC v. Clorox Co.*, 713 F. Supp. 3d 40, 56 (E.D. Pa. 2024). "In considering a motion to dismiss for improper venue under Rule 12(b)(3), the Court must generally accept as true the allegations in the Complaint, unless contradicted by Defendants' affidavits." *Joe Hand Promotions, Inc. v. Shehadeh*, No. 18-cv-4119, 2019 WL 2077728, at *2 (E.D. Pa. May 10, 2019) (citing *SMA Med. Labs. v. Advanced Clinical Lab. Sols., Inc.*, 2018 WL 3388325, at *1 (E.D. Pa. July 12, 2018)). "Because improper venue is an affirmative defense, the burden of proving lack of proper venue remains—at all times—with the

defendant." *Great W. Mining & Mineral Co. v. ADR Options, Inc.*, 434 F. App'x 83, 86 (3d Cir. 2011).

### B.    Motion to Transfer Venue pursuant to 28 U.S.C. § 1406 – Review of Applicable Law

When venue is improper, 28 U.S.C. § 1406(a) authorizes a court to either "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "A defendant filing a § 1406(a) motion to transfer venue has the burden of proving that venue is improper." *Pendergrass-Walker v. Guy M. Turner, Inc.*, No. 16-cv-5630, 2017 WL 2672634, at *2 (E.D. Pa. June 21, 2017) (citing *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 725 (3d Cir. 1981). It is generally "preferable to transfer a case to an appropriate federal forum rather than dismiss it." *See Zero Techs.*, 713 F. Supp. 3d at 58 (citing *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 299 (3d Cir. 2001)).

### C.    Improper Venue based on Nonresident Corporate Defendant – Review of Applicable Law

The federal venue statute, 28 U.S.C. § 1391, states that venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). *See also* 28 U.S.C. § 1390 (explaining that these venue rules "shall not determine the district court to which a civil action pending in a State court may be removed, but shall govern the transfer of an action so removed as between districts and divisions of the United States district courts."). If no defendant is a resident of the forum state, and the events giving rise

to the claims occurred outside the forum state, a court applies Section 1391(b)(3) to determine if it has personal jurisdiction over a defendant. *See* 28 U.S.C. § 1391(b).

Personal jurisdiction may be general or specific in nature. *Pendergrass-Walker*, 2017 WL 2672634, at *3 (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). For a court in Pennsylvania to exercise specific personal jurisdiction over a non-resident corporate defendant, such jurisdiction (i) "must be authorized by the Pennsylvania Long-Arm Statute," and (ii) "must comport with constitutional principles of due process." *Seeley v. Caesars Ent. Corp.*, 206 A.3d 1129, 1133 (Pa. Super. Ct. 2019) (citing *Kenneth H. Oaks, Ltd. v. Josephson*, 568 A.2d 215, 216 (Pa. Super. Ct. 1989)). For a court in Pennsylvania to exercise general personal jurisdiction over a non-resident corporate defendant, the entity must either (i) be incorporated under or qualified as a foreign corporation under the laws of Pennsylvania; (ii) consent to jurisdiction, to the extent authorized by the consent; or (iii) carry on a "continuous and systematic part of its general business" within Pennsylvania. *Seeley*, 206 A.3d at 1133 (citing 42 Pa. Cons. Stat. § 5301(a)(2)(i-iii)). General jurisdiction may exist regardless of whether the plaintiff's cause of action is related to the defendant's activities in the forum state. *See id.*

Pennsylvania's long-arm statute authorizes tribunals within the Commonwealth of Pennsylvania to exercise personal jurisdiction over nonresident defendants that "transact[] any business in this Commonwealth," including doing acts for pecuniary benefit and shipping merchandise into or through the state. *See* 42 Pa. Cons. Stat. § 5322(a)(1). Foreign businesses are required to register with the Pennsylvania Department of State before they may do business here. *See* 15 Pa. Cons. Stat. § 411. Doing so allows courts in Pennsylvania to exercise general personal jurisdiction over the foreign corporation, because by registering, the corporation has agreed to be subject to such jurisdiction. *See Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 134-35 (2023).

Suits premised on this jurisdictional basis "do not deny a defendant due process of law." *Id.* at 135 (vacating a Pennsylvania Supreme Court decision that dismissal or transfer for lack of personal jurisdiction was proper, and remanding; declining to overrule *Pennsylvania Fire Ins. Co. of Philadelphia v. Gold Issue Mining & Milling Co.*, 243 U.S. 93 (1917)).

### D.    Motion to Dismiss under Rule 12(b)(6) – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678-79 (further explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Also, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations and italicization omitted). The defendant bears the

burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### 1. Negligence – Review of Applicable Law

"A plaintiff must prove four elements to establish negligence by a defendant: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Toro v. Fitness Int'l LLC.*, 150 A.3d 968, 976-77 (2016). *See also City of Philadelphia v. Beretta U.S.A. Corp.*, 277 F.3d 415, 422 n.9 (3d Cir. 2002) ("The elements of a negligence claim include: a legal duty, a breach of that duty, a causal relationship between the defendant's negligence and plaintiff's injuries, and damages.") (citing *Martin v. Evans,* 711 A.2d 458, 461 (Pa. 1998)). "Whether the defendant owed a duty of care under the first element is a question of law." *Sabric v. Martin*, 532 F. App'x 286, 289 (3d Cir. 2013) (citing *Matharu v. Muir*, 29 A.3d 375, 384 (Pa. Super. Ct. 2011)).

### 2. Vicarious Liability – Review of Applicable Law

To survive a motion to dismiss, a plaintiff alleging vicarious liability must allege facts sufficient to make it "plausible" that the primary wrongdoer was the defendant's agent. *Migliore by Migliore v. Vision Solar LLC*, 160 F.4th 79, 87 (3d Cir. 2025). A principal-agent relationship is created "when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent." *Id.* (citing *Covington v. Int'l Ass'n of Approved Basketball Offs.*, 710 F.3d 114, 120 (3d Cir. 2013)). "Establishing agency liability under Pennsylvania law requires proof of three elements: [1] the manifestation by the principal that the agent shall act for him, [2] the agent's acceptance of the undertaking and [3] the understanding of the parties that the principal is to be in control of the undertaking." *Behrens v. Arconic, Inc.*,

429 F. Supp. 3d 43, 53 (E.D. Pa. 2019) (quoting *Basile v. H & R Block, Inc.*, 761 A.2d 1115, 1120 (Pa. 2000)).

Under Pennsylvania law, "not every relationship of principal and agent creates vicarious responsibility in the principal for acts of the agent." *A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 195 (E.D. Pa. 2020) (citing *Myszkowski v. Penn Stroud Hotel, Inc.*, 634 A.2d 622, 625 (Pa. Super Ct. 1993)). "An employer may be held vicariously liable for the intentional acts of an employee if such acts 'are committed during the course of and within the scope of the [employee's] employment.'" *Schloss v. Sears Roebuck & Co.*, No. 04-cv-2423, 2005 WL 433316, at *2 (E.D. Pa. Feb. 24, 2005) (quoting *Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271 (Pa. Super. Ct. 1979)). For the conduct of an employee to be "within the scope of employment," it must (1) be "of a kind and nature that he is employed to perform," (2) occur "substantially within the authorized time and space limits designated by his employer," and (3) be "driven by a desire to serve the employer." *Id.* (citing *Costa v. Roxborough Mem'l Hosp.*, 708 A.2d 490, 493 (Pa. Super. Ct. 1998); Restatement (Second) of Agency § 228 (1958)).

### 3. Negligent Entrustment – Review of Applicable Law

A claim for negligent entrustment requires showing that an actor (i) permitted a third person to "use a thing or to engage in an activity which is under the control of the actor," and (ii) that the actor "knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." *Beretta U.S.A.*, 277 F.3d at 422 n.9 (citing *City of Philadelphia v. Beretta*, 126 F. Supp. 2d 882, 902-03 (E.D. Pa. 2000) (citing *Ferry v. Fisher*, 709 A.2d 399, 403 (1998))). If the plaintiff pleads negligent entrustment of a "thing" or object, it must be shown to be a "dangerous article (such as a gun or car)," and the actor should know that the person entrusted with the

article is "likely to use it in an unreasonably risky manner." *Est. of Arrington v. Michael*, 738

F.3d 599, 606 n.3 (3d Cir. 2013).

## IV.    DISCUSSION

### A.    Venue is proper in this judicial district.

This action was properly removed to this Court from the Court of Common Pleas of

Philadelphia County on January 22, 2026. *See* Notice of Removal. There exists diversity of

citizenship because Lebron is a citizen of Pennsylvania, Compl. ¶ 1, Amazon is a citizen of

Delaware and Washington,[3] *see* ECF Nos. 17-18; ECF No. 19, ¶ 11, Mohammad is a citizen of

Connecticut, *see* ECF No. 19, ¶ 12, and ATL is a citizen of Texas,[4] *id.* at ¶¶ 13-16. Because it is

also alleged that the amount in controversy exceeds $75,000, *see* Notice of Removal ¶ 7, there

exists federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Whether this District is the

appropriate venue for the case, however, is another question. The burden to prove improper

venue rests with Amazon, having moved for dismissal of the Complaint under Rule 12(b)(3) or,

alternatively, transfer of venue under 28 U.S.C. § 1406. *See Great W. Mining & Mineral Co.*,

434 F. App'x at 86; *Pendergrass-Walker*, 2017 WL 2672634, at *2.

This Court begins its analysis with the federal venue statute, 28 U.S.C. § 1391. Amazon

argues that venue is improper in this district because none of the named Defendants are citizens

of Pennsylvania for jurisdictional purposes, and because the events giving rise to the claims

occurred in Virginia. *See* Venue Motion. Taken as true, these facts are sufficient to render

Sections 1391(b)(1) and (b)(2) inapplicable. Section 1391(b)(3), however, states that where

---

[3]    "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

[4]    "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

(b)(1) and (b)(2) do not apply, a civil action may still be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). Therefore, the Court is tasked with determining whether it may exercise personal jurisdiction over one at least one defendant.

Pennsylvania's long-arm statute authorizes the exercise of general personal jurisdiction over a nonresident corporate defendant that "transact[s] any business in this Commonwealth." *See* 42 Pa. Cons. Stat. § 5322(a)(1). A corporation may be said to transact business in the Commonwealth if it is "incorporated under or qualified as a foreign corporation under the laws of Pennsylvania." *Seeley*, 206 A.3d at 1133 (citing 42 Pa. Cons. Stat. § 5301(a)(2)(i-iii)). Here, the parties focus solely on Amazon, and whether this Court has personal jurisdiction over it pursuant to 28 U.S.C. § 1391(b)(3).

The law on exercising general jurisdiction over a foreign business corporation is unambiguous. The United States Supreme Court has held that, by registering as a foreign corporation licensed to transact business in Pennsylvania, an out-of-state corporation consents to general personal jurisdiction in Pennsylvania courts, and that such an arrangement does not offend due process. *See Mallory*, 600 U.S. at 134-35. Here, Lebron has provided the results of a business search on the Pennsylvania Department of State website, which shows that Amazon Logistics, Inc. registered as a "Foreign Business Corporation" in Pennsylvania on March 17, 2024. *See* ECF No. 20-3. Accepting these factual allegations as true, *see Joe Hand Promotions*, 2019 WL 2077728, at *2, the Court finds that Amazon has been registered as a foreign business, and has conducted business in Pennsylvania by way of its delivery services, for over ten years now. Thus, the Court may properly exercise general personal jurisdiction over Amazon. Since the Court can exercise personal jurisdiction over at least one defendant, venue in this District is

proper under 28 U.S.C. § 1391(b)(3). Amazon's Motion to Dismiss the Complaint for Improper Venue pursuant to Fed. R. Civ. P. 12(b)(3), or alternatively, to Transfer Venue pursuant to 28 U.S.C. § 1406, is denied.

> **B.     The Complaint does not meet Rule 8 pleading standards as articulated in *Twombly* and *Iqbal*.**

Defendants Mohammad and ATL correctly observe that the allegations in the Complaint fail to satisfy the pleading requirements under Fed. R. Civ. P. 8. For Lebron to state a plausible claim, his factual allegations must "raise a right to relief above the speculative level." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555). While there is no heightened specificity requirement, the facts pleaded in support of his claims must contain enough detail to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (describing Rule 8 pleading standards). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," because "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557) (internal punctuation omitted).

Here, Lebron attempts to bring claims for negligence (Count I) and vicarious liability/negligent entrustment (Count II), but does not specifically allege *who* committed the unlawful acts giving rise to these claims. *See* Compl. Lebron alleges that either Mohammad "and/or" one of the individual John Doe Defendants #1-3 "operated and controlled a 2018 Freightliner motor vehicle" and that this vehicle was "owned by" either Mohammad, Amazon, ATL, one of the individual John Doe Defendants #1-3, or one of the corporate John Doe Defendants #1-3. *Id.* at ¶ 9. Having alleged that the freightliner could be "owned by" any of the named or unnamed defendants, Lebron thereafter refers to it as "Defendant Vehicle," *see id.*, and

claims that the collision "was caused by the joint and several carelessness and negligence" of "the defendant," who he identifies as potentially being *any one* of the named or unnamed defendants (that is, either Mohammad, Amazon, ATL, one of the individual John Doe Defendants #1-3, or one of the corporate John Doe Defendants #1-3). *Id.* at ¶ 14.

Lebron's negligence allegations fail to state a claim because Count I is pleaded against Mohammad "and/or" one of the individual John Doe Defendants #1-3, who he alleges "operat[ed] the 'Defendant Vehicle' at a high and excessive rate of speed," "fail[ed] to remain a safe distance," "fail[ed] to give adequate and proper signals," *see id.* at ¶ 21(c),(f),(j), and "caus[ed] the 'Defendant Vehicle' to collide with the 'Plaintiff Vehicle,'" *id.* at ¶ 21(e). Lebron does not attribute liability to any one individual in particular; the word "driver" does not even appear in the Complaint. Rather, Lebron suggests that the negligent "operator" of the freightliner could have been Mohammad, or could have been one of several other individuals whom he has not yet been able to identify. This is not enough to allow the Court to draw a reasonable inference that Mohammad, or some other person, is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The negligence allegations do not satisfy the pleading standards of Rule 8, *see id.* at 683, and thus Count I fails to state a claim.

The factual allegations pleaded in support of Lebron's claims for vicarious liability and negligent entrustment are similarly deficient. Lebron alleges that any one of the named or unnamed defendants—that is, (again) either Mohammad, Amazon, ATL, one of the individual John Doe Defendants #1-3, or one of the corporate John Doe Defendants #1-3—"acted and/or failed to act by and through their agents, servants, workmen and/or employees," whom he identifies as being either Mohammad or one of the individual John Doe Defendants #1-3. Compl. ¶ 8; *see also id.* at ¶¶ 23-24. Aside from the fact that Mohammad and individual John Does #1-3

are named as potential principals *and* agents (thereby creating the unworkable scenario in which a defendant is alleged to be an agent serving himself), Count II merely refers to all named and unnamed defendants as "the defendant" and alleges that said person "negligently entrust[ed] the 'Defendant Vehicle' to its agent . . . who was known to said defendant as having a propensity for negligent operation of a motor vehicle" or "being inadequately experienced, unqualified, [or] untrained" in the vehicle's operation. *See id.* at ¶ 25. Without more, the Court cannot plausibly attribute responsibility for the events leading to the collision to any of the named or unnamed defendants. The Complaint does not allege that the freightliner was owned by ATL or Amazon in particular, and does not allege that Mohammad was an employee or contractor hired to work for either business. As for the John Doe Defendants, there is not sufficient information to illustrate their role in the events, let alone suppose their identities.[5] In all, the Complaint has insufficient information as to *who* controlled the actions of *whom,* or *who* entrusted *who* with the freightliner. Accordingly Count II fails to state a claim because it fails to meet the plausibility standard and is insufficient to satisfy Rule 8. *See Iqbal*, 556 U.S. at 683.

Lastly, while the Court acknowledges that "there is no 'categorical prohibition' against 'group pleading,'" this District has given credence to the notion that "a complaint is insufficient where there is 'genuine uncertainty regarding who is responsible for what,' such as when multiple defendants are 'accused of acting jointly.'" *See Salyers v. A.J. Blosenski, Inc.*, 731 F.

---

[5]     "Doe defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed. . . . Fictitious parties must eventually be dismissed, if discovery yields no identities." *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 36-37 (E.D. Pa. 1990); *see, e.g., Watts-Bowman v. Foot Locker/Foot Action*, No. 06-cv-957, 2007 WL 9782660, at *2 (D.N.J. Oct. 2, 2007) (denying a proposed amendment to add a John Doe defendant because "Plaintiff's proposed Amended Complaint does not provide any description to identify the relation of the John Doe to this case. . . . Plaintiff cannot use the John Doe Defendant as an open-ended 'placeholder' . . . to add an unknown party at a later date in the course of this litigation.").

Supp. 3d 670, 683–84 (E.D. Pa. 2024) (citing *Corbin v. Bucks County*, 703 F. Supp. 3d 527, 533 (E.D. Pa. Nov. 21, 2023)). To survive a motion to dismiss, a complaint must "plead[] sufficient facts to show that the plaintiff is entitled to relief *from a particular defendant.*" *Id.* The operative pleading in this case does not do so. The Complaint will be dismissed without prejudice and with leave to amend. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile"), *abrogated on other grounds by*, *Iqbal*, 556 U.S. at 678. In amending his Complaint, Lebron is advised to address the deficiencies articulated in the Rule 12(b)(6) Motion, and to plead facts in support of the elements of each cause of action. *See* section III(D), *supra*.

## V.    CONCLUSION

The Court finds that venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(3) because it has general personal jurisdiction over Amazon. The Motion to Dismiss the Complaint for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3), or in the alternative, to Transfer Venue pursuant to 28 U.S.C. § 1406, is denied. The Court also finds that the Complaint fails to meet the plausibility standard articulated in *Twombly* and *Iqbal* with respect to Fed. R. Civ. P. 8. Thus, the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted, and Counts I and II of the Complaint are dismissed with leave to amend.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

16
060526